### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON J. SPIKES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-741 c/w 22-811 c/w 22-812** |
| | **c/w 22-814 c/w 22-917 c/w 22-920** |
| **ASSISTANT DISTRICT ATTORNEY** | **SECTION "H"(4)** |
| **LUKE LANCASTER, ET AL.** | **(ALL CASES)** |

## REPORT AND RECOMMENDATION

These consolidated petitions for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 were referred to a United States Magistrate Judge for preliminary review and, if necessary, for conducting a hearing, including evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).[1] Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary.

## I.    Factual and Procedural History

Petitioner Jason J. Spikes ("Spikes"),[2] is incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") serving a sentence in connection with his conviction for introduction of contraband into a state correctional facility from the 22nd Judicial District Court for Washington Parish, Criminal Case No. 16-CR6-129868.[3] Spikes is also facing pending criminal charges of three counts of attempted second degree murder and one count of possession with intent to

---

[1] ECF Nos. 6, 10.   All federal record references are to filings in the lead case, Civ. Action 22-741, unless otherwise indicated.

[2] Spikes also provides an alias, Jason Jarrell Hughes.

[3] ECF No. 1, ¶4, at 1-2; ECF No. 13, ¶1(A), at 2; *see also*, *Spikes v. Louisiana*, No. 18-8884 & consolidated cases, 2019 WL 3308402, at *1 (E.D. La. May 28, 2019), *R&R adopted by* 2019 WL 2432085, at *1 (E.D. La. Jun. 11, 2019).

distribute cocaine in Washington Parish Criminal Case No. 14-CR8-126847.[4]   The latter, pending

charges form the basis of the claims asserted in these consolidated federal § 2241 case.

 The record reflects that, on November 5, 2014, Spikes and two codefendants, Andre

Bickham and John Peters, were charged by Bill of Information in Case No. 14-CR8-126847 with

the August 26, 2014, attempted second degree murders of Larry D. Alderson, Brooke M. Ramsay,

and a juvenile identified only as L.R.[5]   Spikes was also charged in the same Bill with one count

of possession with intent to distribute cocaine occurring on October 8, 2014.[6]   He was tried on

these charges before a jury on May 16 through 19, 2016.[7]   The jury, apparently, was unable to

reach a verdict on any of the counts.[8]   The court declared a mistrial and rescheduled the matter

for future proceedings.[9]

 Six months later, on January 11, 2017, Spikes was convicted in Case Number 16-CR6-

129868 for introduction of contraband, and sentenced on June 26, 2017, as a fourth felony offender

to serve 20 years in prison without benefit of probation or suspension of sentence.[10]   As noted

above, he is currently serving that sentence in RCC.

 In the meantime, on April 5, 2017, Spikes filed a motion seeking his release from his

pretrial bond obligation in Case No. 14-CR8-126847 citing speedy trial concerns under La. Code

---

[4] ECF No. 1, at ¶6, at 2; ECF No. 13, ¶1(A), at 2.

[5] St. Rec. Vol. 1 of 7, Bill of Information, 11/5/14 (as amended).   The record contains little to no information about the events that led to the charges.

[6] *Id*.

[7] St. Rec. Vol. 2 of 7, Trial Minutes, 5/16/16; Trial Minutes, 5/17/16; Trial Minutes, 5/18/16; Trial Minutes, 5/19/16.

[8] *Id*., Trial Minutes, at 1-2, 5/19/16.

[9] *Id*. at 2.

[10] *Spikes*, 2019 WL 3308402, at *1.

Crim. Proc. art. 701(B)(1).[11]   The state trial court granted the motion on April 28, 2017, only as to the charges in Case No. 14-CR8-126847, noting he had been convicted in the other contraband case.[12]

Over the course of the next few years, Spikes filed numerous motions in the state trial court seeking to quash the charges and dismiss the bill of information in Case No. 14-CR8-126847 citing the prosecutors' due process and speedy trial violations under La. Code Crim. Proc. arts. 535, 571 & 578, *et seq.* and time limitations for retrials under La. Code Crim. Proc. art. 582.[13]   Each of Spikes's motions to quash was denied by the state trial court mostly without stated reasons.[14]   The same is true of Spikes's motion for judgment of acquittal and related motions addressing the State's failure to proceed with his retrial despite the passage of time after the original trial in 2016.[15]

Spikes repeatedly sought review of his speedy trial and limitations arguments in the Louisiana First Circuit to no avail.[16]   On April 28, 2020, the Louisiana First Circuit denied one of Spikes's many writ applications citing *State v. Brooks*, 838 So. 2d 778 (La. 2003), without explanation.   Nevertheless, in *Brooks*, the Louisiana Supreme Court explained the application of La. Code Crim. Proc. art. 580 as the controlling provision for suspension of the applicable time

---

[11] St. Rec. Vol. 4 of 7, Motion for Release, 4/7/17 (dated 4/5/17).

[12] *Id.*, Minute Entry, 4/28/17; Jail Sheet, 4/28/17.

[13] St. Rec. Vol. 5 of 7, Motion to Quash, 7/24/17; Motion to Quash, 8/31/18; Motion to Quash, 5/20/19; Motion to Quash, 9/9/19 (dated 8/29/19); Motion to Quash, 11/18/19 (dated 11/7/19); Motion to Quash, 1/7/20.

[14] St. Rec. Vol. 5 of 7, Trial Court Order, 8/25/17; Trial Court Order, 9/24/18; Response with Reasons, 6/27/19 (responding to mandate; *see Id.*, 1st Cir. Order, 2019-KW-0494, 6/26/19); Trial Court Order, 9/25/19; Trial Court Order, 1/29/20.

[15] *Id.*, Reasons for Judgment, 8/23/18; Motion for Judgment of Acquittal, 8/9/19 (dated 8/5/19); Trial Court Order, 11/8/19; Motion to Stay, 1/29/20; Trial Court Order, 1/29/20.

[16] *See, e.g., State v. Spikes*, No. 2020-KW-0147, 2020 WL 2061636, at *1 (La. App. 1st Cir. Apr. 28, 2020); *State v. Spikes*, No. 2020-KW-0027, 2020 WL 2461476, at *1 (La. App. 1st Cir. May 12, 2020); *State v. Spikes*, No. 2020-KW-0355, 2020 WL 2736529, at *1 (La. App. 1st Cir. May 26, 2020); St. Rec. Vol. 5 of 7, 1st Cir. Order, 2020 KW 0147, 4/28/20 (citing *State v. Brooks*, 838 So. 2d 778 (La. 2014)); 1st Cir. Order, 2020 KW 0027, 5/12/20 (citing decision in 2020 KW 0147); 1st Cir. Order, 2020 KW 0355, 5/26/20 (citing decision in 2020 KW 0147).

limits for setting of trials, even those to be set after a mistrial. *Id.* at 782. The Court recognized that art. 580 in part provides that a motion to quash among other dilatory pleadings, like those for joint continuances, suspend the running of the trial limitations periods until the court rules on the motion. *Id.* It further provides that "in no case shall the state have less than one year after the ruling to commence trial." *Id.* (quoting La. Code Crim. Proc. art. 580).

Based on a review of the state court record and the Court's own research, it does not appear that Spikes sought review in the Louisiana Supreme Court of the Louisiana First Circuit's rulings under the relevant appellate writ numbers.[17]

In 2019, Spikes also twice sought review of his arguments in support of a dismissal of the 2014 charges in this federal court in Civ. Actions 19-2500"M" and 19-9707"M" under § 2241. As noted by the State, the District Court in each case dismissed the petitions without prejudice for lack of subject matter jurisdiction concluding that Spikes was not in custody for the 2014 charges citing, *Maleng v. Cook*, 490 U.S. 488, 490 (1989), and *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968), cases holding .[18] Spikes did not appeal these decisions to the United States Fifth Circuit Court of Appeals.

## II. <u>Federal Habeas Petition</u>

Broadly construed, Spikes's six consolidated § 2241 federal habeas petitions assert the following grounds for relief from the charges of three counts of attempted second degree murder and one count of possession with intent to distribute cocaine still pending under Washington Parish Case No. 14-CR8-126847:

---

[17] The State did not provide copies of all of Spikes's writ applications in the appellate or supreme courts. However, none of the Louisiana Supreme Court orders in the record or public domain reference review of these specific Louisiana First Circuit writ numbers.

[18] Civ. Action, 19-2500"M," ECF Nos. 28, 32; Civ. Action 19-9707"M,"  ECF Nos. 24, 26.

(1)     his Fifth and Fourteenth Amendment rights have been violated because
        more than one year has passed since he was tried in April of 2016 for three
        counts of attempted murder and possession with intent to distribute cocaine
        and has not been brought back to trial by the prosecutor, Assistant District
        Attorney Luke Lancaster;[19]

(2)     his Fifth and Fourteenth Amendment rights have been violated because he
        was arrested on October 9, 2014 for three attempted murders and possession
        with intent to distribute cocaine and was tried in April of 2016 and as of
        December 28, 2021, 22nd Judicial District Judge Raymond Childress still
        allowed the charges to remain pending with a scheduled court date of
        January 25, 2022, well past the limitations period;[20]

(3)     his Fifth and Fourteenth Amendment rights have been violated because he
        was arrested on October 9, 2014 and was tried in April of 2016 and
        throughout 2019 Assistant District Attorney Ian Dover was still trying to
        prosecute him on these charges;[21]

(4)     (a) his Fifth, Sixth, and Fourteenth Amendment rights were violated
        because head indigent defender John Linder appointed James S. Knight as
        his counsel but he was not; and
        (b) his Fifth, Sixth and Fourteenth Amendment rights were violated when
        Brian Meissner was his counsel and he was not hired by the public
        defender's office.  He is indigent and the public defender is supposed to
        hire his counsel;[22]

(5)     (a) his Fifth and Fourteenth Amendment rights were violated when
        Assistant District Attorney Matthew Caplan represented the 22nd Judicial
        District Court in a case in the Eastern District of Louisiana and filed a
        response to his § 2241 petition asserting that the charges in the 2014
        criminal case were properly joined because they had common
        characteristics but they do not.   Assistant District Attorney Ronnie
        Gracianette injured public records and tampered with evidence at the 2014
        trial by misrepresenting where the narcotics were found;
        (b) his Fifth and Fourteenth Amendment rights were violated and District
        Attorney Warren Montgomery as the supervisor is vicariously liable
        through the negligence of Assistant District Attorney Gracianette for
        injuring a public record and tampering with evidence and Assistant District

---

[19] ECF No. 1, ¶13, at 3.

[20] Civ. Action 22-811, ECF No. 1, ¶13, at 3.

[21] Civ. Action 22-812, ECF No. 1, ¶13, at 3.

[22] Civ. Action 22-814, ECF No. 1, ¶13, at 3.

Attorneys Lewis Murray, Ian Dover, and Luke Lancaster for prosecuting the case after the statute of limitations;[23] and

(6)    (a) his Fifth and Fourteenth Amendment rights were violated when Assistant District Attorney Gracienette filed a document claiming that on August 26, 2014, Spikes was in possession of cocaine with intent to distribute and then amended the charge on November 15, 2014 to reflect that the crime occurred on October 8, 2014;
(b) his Fifth and Fourteenth Amendment rights were violated and District Attorney Waler Reed is vicariously liable through these negligent acts;
(c) his Fifth and Fourteenth Amendment rights were violated when Assistant District Attorney Gracienette used the cocaine seized from the murder scene in August of 2014 when Spikes was not there to support the charge that allegedly occurred on October 9, 2014, when a detective was supposedly in Spikes's apartment in Bogalusa, where he was arrested.[24]

As relief, Spikes simply indicates "civil, criminal, and administrative liabilities" at the end of each petition.   Broadly construing his pleadings, and considering his state court pleadings, it appears that Spikes seeks dismissal of the charges in the 2014 bill of information because the time for retrial has expired under Louisiana law.

The State filed a response in opposition urging the Court to dismiss the consolidated petitions for lack of subject matter jurisdiction arguing, as it did in the prior federal habeas cases, that Spikes is not in custody in connection with Case No. 14-CR8-126847.[25]

**III**.   **Subject Matter Jurisdiction Under § 2241**

A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws . . . of the United States."   28 U.S.C. § 2241(c)(3).   A petitioner must be in custody at the time the petition is filed for the state criminal matter under attack.   *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A pretrial petitioner who has not yet been tried for the offense in question has a right, albeit limited,

---

[23] Civ. Action 22-917, ECF No. 1, ¶13, at 3-4.

[24] Civ. Action 22-920, ECF No. 1, ¶13, at 3-4.

[25] ECF No. 13.

to invoke federal habeas relief under § 2241.   *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973).   The scope of the limitation turns upon the type of relief sought.   *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).   A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances."   *Braden*, 410 U.S. at 489, 493.   However, "an attempt to force the state to go to trial" may proceed following exhaustion of state remedies.   *Brown*, 530 F.2d at 1282-83.

"Special circumstances" are those on which a "federal court cannot await a final ruling by [a] state court[ ], because the integrity of a federal right is threatened."   *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018); *see Champer v. Florida*, No. 14-cv-1966, 2014 WL 7070079, at *2 (M.D. Fla. Dec. 15, 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971), for the proposition that "special circumstances" under § 2241 usually require a showing of "immediate and irreparable injury").   "Three sets of circumstances typically qualify as 'special': (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."   *Vassar-El*, 2018 WL 4462544, at *2.

However, "special circumstances are not necessarily established by the alleged infallibility of the federal claim."   *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974).   Thus, even if a petitioner is correct regarding the viability of his defenses in the state criminal action, special circumstances are not present where the "threat to the [petitioner's] federally protected rights can be eliminated by the defense of a single criminal prosecution" in state court because the state court is "surely capable of recognizing and vindicating [the petitioner's] position."   *Id.*

### A.      In Custody Requirement

The State urges that Spikes is not in custody for purposes of review under § 2241.   The State argues that Spikes is not in jail on the 2014 charges and instead is physically imprisoned only because he is serving a sentence for the 2017 introduction of contraband conviction, citing *Maleng* and *Carafas* and the prior two federal dismissals.   In addition, Spikes was released from his bond obligation in connection with Case No. 14-CR8-126847 under the speedy trial provisions in La. Code Crim. Proc. art. 701(B)(1) and would be out of jail but for the other contraband conviction. The State concludes, as they did in the two prior federal cases, that Spikes is not imprisoned because of the pending attempted murder and drug charges.

Both *Maleng* and *Carafas* addressed the "in custody" requirement as applied to § 2254 habeas petitions brought by convicted petitioners, recognizing that the petitioner must be in custody for the conviction or sentence under attack and the sentence for the challenged conviction cannot have fully expired when the § 2254 petition was filed.   *Maleng*, 490 U.S. at 490-91; *Carafas*, 391 U.S. at 238.   However, the Supreme Court has for decades made very clear that "in custody" requirement is not limited to physical custody on the challenged state proceeding. *Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300-01 (1984) (citing *Jones v. Cunningham*, 371 U.S. 236, 239 (1963), and *Hensley v. Municipal Court*, 411 U.S. 345 (1973)).   Even in *Maleng* the Supreme Court recognized that "[o]ur interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Maleng*, 490 U.S. at 491.   Thus, the reason for physical custody is not determinative.

The Supreme Court instead has recognized that a released petitioner remains "in custody" with viable habeas claims when the petitioner has "suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."   *Spencer*,

523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).   With respect to pretrial release *before* a § 2241 federal habeas is filed, as in this case, "in custody" is determined by considering whether the petitioner is still subject to a significant restraint on his liberty not shared by the public generally.   *Hensley*, 411 U.S. at 351.

   In applying this standard, the Supreme Court in *Hensley* determined that a petitioner released on his personal recognizance was still "in custody," because he was restricted in the ability to change locations and was required to be present at any moment when called upon to appear by the state court or prosecution.   *Id.*.   The Court reached the same conclusion in *Lydon*, 466 U.S. at 300-01, finding the "in custody" requirement was satisfied even though habeas petitioner was released pending his re-trial on criminal charges.   Other federal courts have reached similar results finding that pretrial petitioners released on bond or to await trial on pending charges meet the "in custody" requirement even when not in jail because of the significant restraints not shared by the general public, such as being subject to court appearances, limitations on location, movement, and travel during release, and the imminence of possible loss of liberty based on the pending charges. *See, e.g.*, *Saylor v. Cornelius*, 845 F.2d 1401, 1403 n. 2 (6th Cir. 1988) (petitioner was "in custody" because he was "under an obligation to appear for trial" on a second indictment after his first conviction was overturned) (quoting *Lydon*, 466 U.S. at 301; *Smith v. Dorning*, 17-cv-00414, 2018 WL 5931135, at *2 (N.D. Al. Jul. 17, 2018) (petitioner on pretrial release in Alabama remained in custody on charges pending in Alabama although he was taken into physical custody by Georgia officials on charges pending there); *Lucas v. Hamilton County Mun. Court*, 12-CV-138, 2012 WL 1986680, *5 (S.D. Oh. Jun. 4, 2012) (petitioner on pretrial release was under an obligation to appear for trial on pending charge satisfying the in custody requirement); *Kang v. Green*, No. 04cv801, 2006 WL 689090, at *6-8 (S.D. Ohio Mar. 14, 2006) ("being required to appear for trial,

under threat of arrest, constitutes a restraint of liberty sufficient to be deemed custody for purposes of federal habeas corpus") (citing *Lydon*, 466 U.S. at 301, and *Hensley*, 411 U.S. at 351); *see also*, *Howard v. Warden*, 776 F.3d 772, 775-76 (11th Cir. 2015) (any significant restraint on liberty not shared by the general public satisfies the "in custody" requirement, including probation, parole, or bail); *Turner v. State of Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), vacated on other grounds, 492 U.S. 902 (1989) ("One who has been released on bail while awaiting trial is in 'custody' for the purposes of § 2241.").

In this case, it is understood that Spikes is not in physical custody because of the charges pending in Case No. 14-CR8-126847.   He has been granted the technical release allowed by La. Code Crim. Proc. art. 701 because of the State's delayed retrial in his pending criminal case. Thus, as the State poses, but for the other contraband conviction, Spikes would not be physically in a jail.   However, that is not the whole of the test provided in the foregoing Supreme Court precedent.   Spikes's physical custody is not the sole determinative of "in custody" for purposes of § 2241 jurisdiction.   Like many of the petitioners in the cases cited above, even if Spikes could walk out of the jail to be released without bond or on his own recognizance pending retrial, he is still subject to significant restraints not imposed on the general public.

Some of the obvious restraints, like those considered in *Hensley*, are Spikes's obligations to appear in court and answer to the pending attempted murder and drug charges.   He is not just threatened with a prosecution; the prosecution is active and proceeding, albeit it at a snail's pace. At any moment, Spikes could be called to court for another pretrial conference and/or hearing. He would not be free in mobility like the general public when, though not under a bond obligation, he is still awaiting trial and a significant loss of liberty.   There is nothing in the state court record or the pleadings here to indicate that the State intends to abandon these serious criminal charges

in Case No. 14-CR8-126847.   The general public certainly is not subject to these constraints and obligations.

Based on the foregoing precedent, the Court is persuaded that Spikes satisfies the "in custody" requirement.   However, this alone does not complete the subject matter jurisdiction inquiry as recognized by the Supreme Court in *Hensley*:

> Finally, we emphasize that our decision does not open the doors of the district courts to the habeas corpus petitions of all persons released on bail or on their own recognizance. . . . Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts.   Nothing in today's opinion alters the application of that doctrine to such a defendant.

*Hensley*, 411 U.S. at 353.

The Supreme Court's wisdom in *Hensley* applies to Spikes.   Spikes also must have exhausted available state court remedies to completely establish this Court's subject matter jurisdiction over his petition and for the Court to grant him relief under § 2241.

### B.     Exhaustion Requirement

The pleadings and state court record do not establish that Spikes has presented his request to quash or dismiss the charges in Case No. 14-CR8-126847, or his tangent claims of ineffective assistance and prosecutorial misconduct, to the Louisiana Supreme Court before filing this federal petition.   The State chose not to address the exhaustion factor, relying on its custody arguments.[26] Accordingly, **petitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is addressing the issue of failure to exhaust state court remedies and that petitioner must submit any evidence or argument concerning exhaustion as part of any objections he may file to this report**.   *See Kurtzemann v. Quarterman*, 306 F.

---

[26] ECF No. 13, at 1.

App'x 205, 206 (5th Cir. 2009) (district court may sua sponte raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (addressing limitations) and *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998) (addressing exhaustion)).

While there is no express exhaustion requirement in § 2241, a federal court should abstain and *not* exercise its habeas jurisdiction if the issues raised in a petition can be resolved on the merits in the state courts or by some other state procedures available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also*, *Braden*, 410 U.S. at 489-92. The exhaustion doctrine is applied to § 2241 as a matter of comity and is based on federalism grounds to protect the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). As addressed previously, in a § 2241 action, the exhaustion requirement is obviated only when "special circumstances" exist, such as speedy trial or double jeopardy concerns. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten*, 493 F.2d at 177. In this case, no such circumstances exist.

Thus, to have exhausted review in the state courts, Spikes must have fairly presented all of the same federal claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner. As indicated in the procedural

history, Spikes filed numerous writ applications with the Louisiana First Circuit and the Louisiana Supreme Court.   Based on the record presented and as outlined above, three of the writ applications to the Louisiana First Circuit clearly reviewed the state trial court's denials of Spikes's several motions to quash.   None of the Louisiana Supreme Court writ applications are linked to those three appellate writ application numbers.   In other words, the record does not reflect that Spikes sought review of the three Louisiana First Circuit writ applications which clearly denied him relief on his request to quash the charges.

Spikes does not appear on the record provided[27] to have allowed the Louisiana courts at every level a full and fair opportunity to consider the merits of his claims or requests to quash the bill of information in 14-CR8-126847.   He, therefore, is not entitled to federal habeas review until he has done so.

### C.      Conclusion on Subject Matter Jurisdiction

Although this Court concludes that Spikes meets the "in custody" requirement, the Court is not convinced that Spikes has exhausted state court review before filing these § 2241 petitions. Spikes, therefore, has failed to complete both jurisdictional hurdles applicable to § 2241 petitions. Thus, his six consolidated § 2241 petitions may be dismissed without prejudice for lack of subject matter jurisdiction.   Nevertheless, for the reasons that follow, even if Spikes has exhausted and is found to have established both subject matter jurisdiction considerations, he is not entitled to the relief he seeks for the reasons that follow.

---

[27] The State did not provide all of Spikes's writ applications, but the orders often provide evidence of the claims presented and resolved by the appellate courts.

IV.   <u>**Federal Habeas Relief and Abstention**</u>

      Broadly construing his claims, Spikes seeks an end to the prosecution against him, *i.e.* quashal or dismissal of the charges and bill of information in Case No. 14-CR8-126847, because the state law time limitations to bring him back to trial have expired.   However, the quashing of the bill of information and/or dismissal of the charges is not an available remedy for a speedy trial challenge in federal habeas under § 2241.

      It is well settled that federal habeas corpus relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial."   *Dickerson*, 816 F.2d at 226 (quoting *Braden*, 410 U.S. at 489-92, and citing *Brown*, 530 F.2d at 1283).   Instead, a state detainee may raise a speedy trial claim under § 2241 only to force the State to bring him speedily to trial, not to dismiss the charges.   *Brown*, 530 F.2d at 1283 (citing *Braden*, 410 U.S. at 484).   Spikes has not requested an order for the State to take him to trial.   He has consistently sought only to quash the charges and/or bill of information.

      A federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate."   *Younger*, 401 U.S. at 46. Where a petitioner's state criminal charges are still pending, the Federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case.   *See Id*. at 41 & 53-54; *see also*, *Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007); *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).   Thus, a federal court must abstain pursuant to the *Younger* doctrine when "'(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court

provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Walck*, 472 F.3d at 1233 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Under the first *Younger* factor, the pleadings and records reflect that the criminal proceedings against Spikes are ongoing and pending in Washington Parish in Case No. 14-CR8-126847.   This factor favors abstention.

Second, the State of Louisiana most certainly has available means for review of any pretrial rulings of the state trial court.   *See* La. S. Ct. Rule X, §§ 1-8; *see also*, La. App. Rule 4.   As discussed above, Spikes (nor his appointed counsel) has not exhausted review of the state trial court's pretrial rulings denying his motions to quash, nor has he apparently filed motions seeking a speedier trial per se.   Either way, the State of Louisiana has an available process for pretrial review of Spikes's jurisdictional, substantive, and other constitutional challenges to the propriety of his prosecution.   He may also preserve these challenges for appeal after trial, should he be convicted in the pending case.   This factor also favors abstention.

Finally, under the third *Younger* factor, the criminal proceedings against Spikes clearly involve matters of state criminal law and state interests in correcting wrongs (*i.e.* three attempted murders and a drug violation) occurring within its borders.   The State will rely on its own statutory provisions to prosecute and prove the charges against Spikes.   This factor also favors abstention.

In sum, each of the *Younger* considerations favor abstention at this time.   Spikes has shown no basis for this Court to interfere with the ongoing state criminal proceedings.

Furthermore, comity justifies the federal court's abstention from adjudicating Spikes's affirmative defenses (*i.e.* prosecutorial misconduct or malicious prosecution and falsification of

records and evidence) to the pending state criminal charges prior to the state courts' entry of a final judgment of conviction. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also*, *Calihan v. Superior Court*, 158 F. App'x 807, 2005 WL 3397360, at *1 (9th Cir. Dec. 12, 2005) (principles of comity and federalism require the federal courts to abstain from addressing speedy trial challenges which do not fall into one of these exceptions.)   While "extraordinary circumstances" may justify intervention for speedy trial grounds, there is *no* reason to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *See Braden*, 410 U.S. at 488-89 & 493.[28]   In Spikes's case, his substantive challenges (*e.g.*, ineffective assistance of counsel, falsified records and evidence) to his pending criminal charges "may be remedied by [a] decision on the merits [by the state courts,] so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits." *Atkins*, 644 F.2d at 546.

Thus, Spikes is not entitled to pretrial review by this federal habeas court, and he certainly has *not* established his entitlement to have this Court interfere with the on-going state court proceedings. *Id.* at 546-47; *see also*, *Hill v. Michigan*, No. 07-cv-271, 2007 WL 1893911, at *1-2 (W.D. Mich. July 2, 2007) (citing *Atkins*, the district court found "no exceptional circumstances" existed to justify consideration of a pretrial petition where the petitioner sought to have the federal habeas court dismiss a criminal charge brought against him).   Spikes failed to establish any exception to the *Younger* abstention doctrine which would warrant interference with his on-going criminal proceeding by means of stay or possible dismissal of his charges.   He is not entitled to federal habeas relief under § 2241 at this time.

---

[28]In *Braden*, the specific remedy sought was for the State of Kentucky to set a prompt trial date as required by the speedy trial requirements of the Constitution.

For the foregoing reasons, Spikes's § 2241 petitions should be dismissed without prejudice for seeking unavailable relief and because the Court should abstain from interfering in the ongoing state criminal proceeding.

**V.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Jason J. Spikes's consolidated 28 U.S.C. § 2241 petitions be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies, or alternatively, for seeking unavailable relief and/or because the Court abstains from considering the § 2241 petitions at this time.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[29]

New Orleans, Louisiana, this 23rd day of January, 2023.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[29] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.